UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HERBERT RICHARDS, JR., on
behalf of himself and those similarly
situated,

    Plaintiff(s),

vs.

CASE NO.:

FIDELITY INFORMATION
SERVICES, LLC, and FIS
MANAGEMENT SERVICES, LLC,

    Defendants.    /

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, HERBERT RICHARDS, JR., on behalf of himself and those similarly situated ("Plaintiff"), and sues Defendants, FIDELITY INFORMATION SERVICES, LLC, and FIS MANAGEMENT SERVICES, LLC (hereinafter collectively "Defendants"), under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA") for unpaid overtime wage compensation, and common law unjust enrichment.

## INTRODUCTION

1. This is an action by the Plaintiff against his current employer for unpaid overtime pursuant to the Fair Labor Standards Act ("FLSA"). Plaintiff seeks overtime damages, liquidated damages, attorney's fees and costs, declaratory relief, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. §216(b) (the "FLSA").

2. Plaintiff also seeks an Order conditionally certifying this case as a collective action to include all similarly situated "Customer Service Representatives" who did not receive proper overtime wages within the last three years.

**JURISDICTION**

3. This action arises under the Fair Labor Standards Act, 29 U.S.C. §210, *et. seq.* The Court has jurisdiction over the FLSA claim pursuant to 29 U.S.C. §216(b).

**VENUE**

4. The venue of this Court over this controversy is proper based on the claim arising in Tampa, Florida (Hillsborough County).

**COVERAGE**

5. Defendants, FIDELITY INFORMATION SERVICES, LLC, AND FIS MANAGEMENT SERVICES, LLC, are for profit corporations formed and existing under the laws of the State of Florida and at all times during Plaintiff's employment, were employers as defined by 29 U.S.C. §203.

6. At all material times relevant to this action (2014-present), the Defendants, FIDELITY INFORMATION SERVICES, LLC, AND FIS MANAGEMENT SERVICES, LLC, were enterprises covered by the FLSA, and as defined by 29 U.S.C. §203(r) and §203(s).

7. At all material times relevant to this action (2014-present), Defendant FIDELITY INFORMATION SERVICES, LLC made gross earnings of at least $500,000.00 annually.

8. At all material times relevant to this action (2014-present), Defendant FIDELITY INFORMATION SERVICES, LLC had two or more employees engaged in interstate commerce, producing goods for commerce, or handling, selling or otherwise working on goods or materials that have been moved in or produced for such commerce.

9. At all material times relevant to this action (2014-present), Defendant FIDELITY INFORMATION SERVICES, LLC had two or more employees who routinely ordered materials or supplies from out of state vendors.

10. At all material times relevant to this action (2014-present), Defendant FIDELITY INFORMATION SERVICES, LLC had two or more employees who used the telephone and/or computers to place and accept business calls with out of state customers on a daily basis in the normal course of its business. Defendants required its employees to speak with out of state customers for debt collection.

11. Additionally, Plaintiff was an employee of FIDELITY INFORMATION SERVICES, LLC and was, at all times relevant to this action (2014-present), individually engaged in commerce as defined by 29 U.S.C. §§206(a) and 207(a)(1) as he was required to communicate with out of state customers on a daily basis for debt collection.

12. At all material times relevant to this action (2014-present), Defendant FIS MANAGEMENT SERVICES, LLC made gross earnings of at least $500,000.00 annually.

13. At all material times relevant to this action (2014-present), Defendant FIDELITY FIS MANAGEMENT SERVICES, LLC had two or more employees engaged in

interstate commerce, producing goods for commerce, or handling, selling or otherwise working on goods or materials that have been moved in or produced for such commerce.

14. At all material times relevant to this action (2014-present), Defendant FIS MANAGEMENT SERVICES, LLC had two or more employees who routinely ordered materials or supplies from out of state vendors.

15. At all material times relevant to this action (2014-present), Defendant FIS MANAGEMENT SERVICES, LLC had two or more employees who used the telephone and/or computers to place and accept business calls with out of state customers on a daily basis in the normal course of its business. Defendant required its employees to speak with out of state customers for debt collection.

16. Additionally, Plaintiff was an employee of FIS MANAGEMENT SERVICES, LLC and was, at all times relevant to this action (2014-present), individually engaged in commerce as defined by 29 U.S.C. §§206(a) and 207(a)(1) as he was required to communicate with out of state customers on a daily basis for debt collection.

17. Upon information and belief, the records, to the extent that any exist, concerning the number of hours worked and amounts paid to Plaintiff are in the possession, custody and control of Defendants.

## FACTUAL ALLEGATIONS

18. Defendants, FIDELITY INFORMATION SERVICES, LLC, AND FIS MANAGEMENT SERVICES, LLC, are Banking and Payment Technologies corporations.

19. As part of its corporations, FIDELITY INFORMATION SERVICES, LLC, AND FIS MANAGEMENT SERVICES, LLC have a division that performs customer service functions.

20. This division employs Customer Service Representatives.

21. FIDELITY INFORMATION SERVICES, LLC, AND FIS MANAGEMENT SERVICES, LLC's Customer Service Representatives work in several states in the United States.

22. Customer Service Representatives perform collection related services on behalf of FIDELITY INFORMATION SERVICES, LLC, AND FIS MANAGEMENT SERVICES, LLC.

23. Customer Service Representatives typically work in a call center setting.

24. Customer Service Representatives are hourly paid employees.

25. Customer Service Representatives are eligible for overtime and paid overtime if they work more than forty (40) hours per week.

26. Plaintiff was employed by Defendants as a "Customer Service Representative II."

27. Plaintiff was employed in this capacity from approximately October 16, 2014 thru the present.

28. Plaintiff was paid an hourly rate for the hours that he worked.

29. All Customer Service Representatives are/were paid on an hourly basis.

30. All Customer Service Representatives are/were entitled to be paid for all hours worked for Defendants.

31. In order to perform their jobs, Plaintiff and all Customer Service Representatives were required to open and close multiple computer software applications at the beginning and end of their work shifts.

32. Plaintiff and all Customer Service Representatives were not paid for the time they spent opening and closing multiple software applications at the beginning and end of their work shifts.

33. This suit seeks payment of all of the time spent opening and closing multiple computer software applications at the beginning and end of their work shifts that resulted in the Plaintiff's, and those similarly situated, working overtime hours but not being compensated at a rate of no less than time and one half their regular hourly rate.

34. As a result of this compensation practice, Plaintiff, and all Customer Service Representatives similarly situated, did not receive full and proper payment of time and one half their regular rate of pay for all hours worked in excess of forty (40) within a work week in one or more weeks.

35. In addition, Plaintiff, and all Customer Service Representatives similarly situated, did not receive full and proper payment for the time spent performing these job duties for all hours worked in less than forty (40) within a work week in one or more weeks.

36. Defendants failed to comply with 29 U.S.C. §§ 201-209, because Plaintiff performed services for Defendants for which no provisions were made by Defendants to properly pay Plaintiff for those hours worked in excess of 40 within a workweek.

37. Defendants were unjustly enriched by accepting the benefit and value of Plaintiff's work time spent opening and closing multiple computer software applications at the beginning and end of their work shifts but not compensating Plaintiff for this work.

38. Defendants employed and are employing other individuals who perform(ed) the same or similar job duties under the same pay provisions as Plaintiff.

39. Upon information and belief, the records – to the extent such records exist – concerning the number of hours worked and amounts paid to Plaintiff, and others similarly situated to him, are in the possession, custody, or control of Defendants.

## CLASS REPRESENTATIVE ALLEGATIONS

40. Plaintiff and the other Customer Service Representatives ("the class members") performed the same or similar job duties as one another in that they provided collection service duties for Defendants.

41. Further, Plaintiff and the class members were subjected to the same pay provisions in that they were required to open and close multiple computer software applications at the beginning and end of their shifts resulting in working over forty (40) hours in a work week without being paid at a rate of at least time and one half their regular hourly rate of pay for these hours. Thus, the class members are owed overtime wages for the same reason as the Plaintiff.

42. Moreover, Defendants have been unjustly enriched as a result of its accepting the work of Plaintiff and other similarly situated employees without proper compensation. It would be unjust to allow Defendants to enjoy the fruits of the collective class's labor without proper compensation.

43. Defendants' policy or practice was applicable to Plaintiff and the class members. Application of this policy or practice does not depend on the personal circumstances of Plaintiff or those joining this lawsuit. Rather, the same policy or practice which resulted in the non-payment of overtime wages to Plaintiff applies to all class members.

44. Defendants knowingly, willingly, or with reckless disregard carried out their illegal pattern or practice of failing to pay overtime wages with respect to Plaintiff and the class members.

45. Defendants acted willfully in failing to pay Plaintiff and the class members in accordance with the law.

46. Defendants were aware of the time and record keeping requirements of the Fair Labor Standards Act, but willfully or recklessly failed to keep accurate pay and time records as required.

47. Defendants did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

48. Plaintiff files this collective action on behalf of himself and all other similarly situated Customer Service Representatives. The proposed class is defined as follows:

> All Customer Service Representatives (or similar title) who worked for Defendants within the last three years who were not paid overtime compensation at time and one half their regular rate of pay for all hours worked in excess of forty (40) within a workweek.

## COUNT ONE - RECOVERY OF OVERTIME COMPENSATION

49. Plaintiff reasserts and incorporates by reference all allegations contained within previous paragraphs.

50. During employment with Defendants, Plaintiff and the class members worked more than forty (40) hours in one or more workweeks while employed by Defendants.

51. Plaintiff and the class members were required to open and close multiple computer software applications at the beginning and end of their shifts resulting in working over forty (40) hours in a work week without being paid at a rate of at least time and one half their regular hourly rate of pay for these hours.

52. As a result, Defendants failed to properly compensate Plaintiff and the class members for overtime hours that they worked, in violation of the FLSA.

53. Defendants acted willfully, intentionally, and/or recklessly in failing to pay Plaintiff and the class members at least time and one half their regular hourly rate of pay for each hour worked over forty (40) hours in one or more workweeks while employed by Defendants, in violation of the FLSA.

54. Defendants did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

## COUNT TWO - UNJUST ENRICHMENT

55. Plaintiff reasserts and incorporates by reference all allegations contained within paragraphs 1-43.

56. This Court has supplemental jurisdiction over Plaintiff's unjust enrichment claims pursuant to 28 U.S.C. § 1367(a) because Plaintiff's unjust enrichment claims form part of the same case or controversy and arise out of a common nucleus of operative facts as his overtime wage claim.

57. Plaintiff, and all other similarly situated to him, performed work opening and closing multiple computer software applications at the beginning and end of their shifts.

58. Plaintiff, and all other similarly situated to him, were not compensated for their work performed opening and closing multiple computer software applications.

59. Plaintiff, and all other similarly situated to him, seek compensation for the time spent performing work related to opening and closing multiple computer software applications at the beginning and end of their shifts to the extent that these hours can not be captured as part of their overtime claims in Count One, because the addition of these work hours may be *less than* forty (40) hours within a single work week.

60. Defendants accepted Plaintiff's work, and all other similarly situated to him, of opening and closing multiple computer software applications and this work was valuable to Defendants, but Defendants did not compensate Plaintiff for this work.

61. Defendants have been unjustly enriched as a result of its accepting the work of Plaintiff, and other similarly situated employees, without proper compensation. It would be unjust to allow Defendants to enjoy the fruits of the collective class's labor without proper compensation.

## DAMAGES AND RELIEF SOUGHT FOR MEMBERS OF THE CLASS

62. This action is brought by Plaintiff, for himself and on behalf of all others similarly situated, under the provisions of the FLSA for: (i) monetary damages to be paid by the Defendants associated with the above claims; (ii) liquidated damages; and (iii) relief incident and subordinate thereto, including the costs and expenses of this action and an award of attorneys' fees and reimbursement of expenses to Plaintiff's counsel.

WHEREFORE, Plaintiff demands an Order awarding:

a. Payment of Plaintiff's, and all class members, overtime wages at the correct rate of time and one half of Plaintiff's hourly rate pursuant to the FLSA;

b. An equal amount of liquidated damages, or in the alternative, pre-judgment and post-judgment interest at the highest rate allowed by law;

c. Compensation for the time spent working that was not paid to the extent these hours are less than forty in a workweek;

d. Pre-judgment and Post-judgment interest where applicable;

e. Reasonable attorneys' fees and costs for all time worked by the attorneys for Plaintiff in prosecuting this case; and

f. All other relief that the Court deems just and proper.

Plaintiff also demands a trial by jury.

Dated this 29th day of June, 2017.

Respectfully submitted by,

s/ CARLOS V. LEACH
Carlos V. Leach, Esquire
FBN 0540021
Morgan & Morgan, P.A.
20 N. Orange Ave., 14th Floor
P.O. Box 4979
Orlando, FL 32802-4979
Telephone: (407) 420-1414
Facsimile: (407) 425-8171
Email: CLeach@forthepeople.com
Attorney for Plaintiff

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 29th day of June, 2017, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record registered on the CM/ECF system.

s/ CARLOS LEACH
Carlos V. Leach, Esquire